UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

CASE NO.:

HOUSING OPPORTUNITIES PROJECT
FOR EXCELLENCE, INC., and
FELICIA THOMPSON,

    Plaintiff,
v.

BROKERS, LLC., and BARRY ROTH

    Defendant.
_____/

## COMPLAINT

Plaintiffs, HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, Inc., and FELICIA THOMPSON, by and through the undersigned counsel, file this Complaint against Defendants, BROKERS, LLC., and BARRY ROTH, for violations of the Fair Housing Act of 1968, as amended 42 U.S.C. §§3601-3631 (FHA) and associated Florida state law claims. Plaintiffs bring this legal action against Defendants to obtain redress from pervasive and persistent sexual harassment and discrimination. The harassment and discrimination by Defendant, BARRY ROTH occurred while Plaintiff, FELICIA THOMPSON inquire to lease the property located at Town Park Plaza North, 457 NW 19th Street #347, Miami, Florida 33136, which included uninvited sexual harassment, and uninvited sexual discrimination. This offensive conduct caused Plaintiff, FELICIA THOMPSON and her kids great emotional and deprived her of her right to fair housing, among other things. Plaintiff, FELICIA THOMPSON seeks declaratory judgment, injunctive relief, and damages for harassment and discrimination in the rental of housing based on sex.

**HOPE and Thompson v. Roth, et al**
**Complaint for Injunctive Relief**

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is appropriate pursuant to 42 U.S.C. § 3613(a) and by 28 U.S.C. § 13 31 and 1343(a) (3), as it involves federal questions regarding the deprivation of Plaintiff's rights under Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended by the Fair Housing Amendments Act of 1988, that prohibits discriminatory practices in the sale or rental of residential property.

2. Venue is proper under 28 U.S.C. § 1391(b) because the actions which arise from Defendants violations of Tittle VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended by the Fair Housing Amendments Act of 1988, occurred in the Southern District of Florida, the Subject Property is located in the Southern District of Florida, and the Defendants reside and/or do business in the Southern District of Florida.

## PARTIES

3. Plaintiff, Housing Opportunities Project for Excellence, Inc., ("HOPE"), is a private, federally funded, fair housing, Florida not-for-profit, 501 (c) 3 corporation established in 1988, one of three in Florida dedicated to eliminating housing discrimination and promoting fair housing. HOPE employs a three-tiered system of private enforcement, education, outreach, and counseling to achieve its mission to fight housing discrimination in Miami-Dade and Broward Counties and ensure equal housing opportunity throughout Florida. Its programs are designed to ensure that people are offered the right to select housing of their choice without discrimination based on race, religion, color, national origin, sex, disability, marital or familial status, or such other protected classes as may be conferred by federal, state or local laws. HOPE is the only private not-for-profit fair housing organization in Miami-Dade and Broward Counties engaged in testing for fair housing law violations and pursuing enforcement of meritorious claims.

**HOPE and Thompson v. Roth, et al**
**Complaint for Injunctive Relief**

4. Plaintiff, FELICIA THOMPSON, ("Ms. Thompson") is an African American woman, and a single mother, resident of Miami-Dade County, State of Florida, and is otherwise *sui juris*.

5. Ms. Thompson belongs to a class of persons whom the FHA protects from unlawful discrimination because of her sex (female).

6. Defendant, BROKERS, LLC., is a limited liability company and real estate broker for the property at the center of this litigation, located at Town Park Plaza North, 457 NW 19th Street #347, Miami, Florida 33136 ("the Subject Property"), and marketed the subject property on certain websites. (hereinafter "BROKERS" or collectively "Defendants")

7. Defendant, BARRY ROTH, is a Real Estate Associate, licensed and doing business in Miami-Dade County and is *sui juris*. Defendant, BARRY ROTH is the listing agent for Defendant, BROKERS, LLC., (hereinafter "Mr. Roth" or collectively "Defendants"). At all times, Defendant was acting as an agent of BROKERS which is vicariously liable for Mr. Roth's sexual harassment discriminatory conduct.

8. This property contains more than one rental unit and is a dwelling within the meaning of 42 U.S.C. § 3602(b).

9. The Defendants were subject, at all times relevant, to the anti-harassment and antidiscrimination provisions of the FHA.

## INTRODUCTION

10. The Fair Housing Act prohibits discrimination in the sale, rental or financing of a residential property based on the following protected classes: race, color, national origin, religion, sex, familial status, and disability.

11. The Fair Housing Act prohibits discrimination on the basis of sex in virtually all types of housing transactions. Sexual harassment is a form of sex discrimination, which the Fair Housing Act prohibits. Sexual harassment is the unwanted demand for sexual favors or sexual advances.

12. Any suggestions of sexual advances, requests for sexual favors, or any verbal or physical conduct of a sexual nature is a form of sexual discrimination and is illegal.

13. Most sexual harassment cases have involved rental situations in which landlords, or their agents have demanded sexual favors from female tenants in exchange for some housing benefit (e.g., reduced rent, permission to pay rent late, or continuation of the tenancy).

14. Sexual harassment interferes with the tenants housing rights and creates an environment of fear, intimidation, and hostility. This behavior violates Section 804 (b), which prohibits sex discrimination in the terms, conditions, and privileges of rental of a dwelling.

15. Sexual harassment may also violate other provisions of the Act, such as Section 804(a) if the harassment results in a refusal to sell, rent, negotiate for, or otherwise make a dwelling unavailable.

16. Under the Fair Housing Act, sexual harassment is categorized in two forms: 1) Quid Pro Quo sexual harassment - sexual conduct is attached to conditions for housing or for any housing related services; and 2) Hostile environment harassment - a person is forced to engage in sexual conduct so severe that it changes the terms and conditions of residency and results in a hostile and intimidating environment. Defendant Mr. Roth engaged in hostile environment harassment and Defendant BROKERS is vicariously liable for the harassment and damages.

**HOPE and Thompson v. Roth, et al**
**Complaint for Injunctive Relief**

## GENERAL ALLEGATIONS

17. Defendant, BROKERS, published or caused to be published advertisements to lease or rent the subject property, located at Town Park Plaza North, 457 NW 19th Street #347, Miami, Florida 33136, attached "Exhibit A"

18. On August 25, 2022, Ms. Thompson sent a text message to Defendant, Mr. Roth, about the unit Overtown located at, 457 NW 19th Street #347, Miami, Florida 3313, and her interest in leasing the property if available. Ms. Thompson, advised Mr. Roth that she had a voucher for rent, to which Mr. Roth replied, "How many people are you?" "no section 8 sorry". Ms. Thompson informed that it was not a Section 8 voucher, but from Volunteers of America Housing Program.

19. On the same day, Defendant, Mr. Roth agreed to meet Ms. Thompson, and advised her to apply for the unit and provided the link to complete the application. Ms. Thompson provided Mr. Roth a copy of the cover letter from Volunteers of America stating they would be covering the rent on the 30th. Also, Mr. Roth contacted the representative for the Volunteers of America Housing Program to coordinate the unit inspection, and it was completed on the same day.

20. Defendant, Mr. Roth was the listing agent, and was also the landlord who ran the day-to-day operations of the Subject Property, on behalf of the owner. If Ms. Thompson moved to the subject property, she knew she would have contact with Roth on a consistent basis.

21. In this action, Ms. Thompson, alleges that Defendant, Roth made persistent and explicit sexual of advances to Ms. Thompson both verbally and in writing.

22. Ms. Thompson, a single mother, contacted Defendant, Mr. Roth by phone on August 25, 2022, after learning of the vacancy at the Subject Property.

23. On Sunday August 28, 2022, Defendant, Mr. Roth sent a text message to Ms.

Thompson advising that he was going to prepare the lease for her. Mr. Roth also sent a text message to Ms. Thompson telling her that she was beautiful and a good woman, and he was in a bad divorce. It was at this time that Defendant, Mr. Roth started to get unprofessional with Ms. Thompson.

24. As documented in numerous news stories, Miami-Dade County is one of the most expensive and competitive housing markets in the United States. Ms. Thompson really wanted the unit and did not know what to do about Roth's behavior, because she has never experienced anything like this before while trying to find housing. Ms. Thompson just tried to keep it professional, and at any time that Defendant, Roth would get inappropriate she would tell him that she was driving and cut the conversation to avoid continuing.

25. At time progressed, Mr. Roth engaged in a pervasive and persistent pattern of sexual harassment and discrimination towards Ms. Thompson and got more aggressive as time progressed. The following is a timeline of events Plaintiff constructed:

**Tuesday August 30th, 2022, at 9:30 AM**
I spoke to Mr. Berry, and he started to ask me questions saying he wants to hang out with me, I felt uncomfortable. I told him I was driving.

**Tuesday August 30th, 2022, at 4:02 PM**
I spoke to Mr. Berry he asked me could he come over my house. I was shocked.

**Wednesday August 31st, 2022, at 11:06 AM**
I spoke to Mr. Berry, he said he want to feel all my body and do oral sex with me and do I like to yell and give him oral sex.

**Wednesday August 31st, 2022, at 11:07 AM**
I spoke to Mr. Berry about the unit.

**Wednesday August 31st, 2022, at 11:16 AM**
I spoke to Mr. Berry, he said he lives on Ives Dairy Road alone. I could come over his house I don't have to worry …

**Wednesday August 31st, 2022, at 1:25PM**
… about seeing women panties hanging around his house. He also said he has a pool and he once 2 lick and suck on my body and he want me to suck on him when I feel to do so.

26. Ms. Thompson had serious reservations in committing to the Subject Property because she was concerned with Defendant, Roth's behavior and sexual harassment. However, Ms. Thompson signed the lease thinking that Mr. Roth was just the realtor and will not have any further contact with him after the lease was signed.

27. Subsequently, Ms. Thompson decided to look over the lease carefully and found out that Defendant, Mr. Roth was not just the realtor for the unit, but it was going to be her landlord as well.

28. On September 1, 2022, Ms. Thompson sent a text message to Mr. Roth and advised him that she did not want the unit. Defendant, Mr. Roth has called Ms. Thompson after she advised him that she did not want the unit, but Ms. Thompson has never picked up the phone. Plaintiff eventually blocked his phone number to prevent further contact from Roth.

29. Ms. Thompson was shocked that Mr. Roth wrote numerous sexually oriented text messages including messages describing how he liked to have sex (slow). Defendant, Mr. Roth sexual harassment and sexual oriented comments went to seeped into almost all communication.

30. Ms. Thompson contacted Housing Opportunities Project for Excellence, Inc. (HOPE) and HOPE conducted an investigation into the discriminatory housing practices of the Defendant, Roth, which included, but was not limited to document review and collection and witness interviews.

31. HOPE discovered that Ms. Thompson received text messages and other information supporting Ms. Thompson's allegations of sexual harassment by Defendant, Roth.

32. HOPE engaged in a public service announcement campaign regarding sexual harassment and sex discrimination in housing to counteract the practices of Defendant, Roth and others with similar practices.

33. Defendant, Roth's persistent pattern of sexual harassment and discriminatory actions, have frustrated Plaintiff's HOPE'S goal of promoting equality, nullified Plaintiff, HOPE'S numerous educational programs, and have forced Plaintiff, HOPE. to continue funding educational programs that would not have been necessary in the absence of Defendants' discriminatory actions.

34. In addition, as described above, Plaintiff, HOPE has sponsored, promoted and organized numerous educational programs in Miami-Dade County. Said programs were funded and established in order to stop current housing discrimination and future housing discrimination.

35. Plaintiff was simply looking for a safe, affordable place for her family to live. See Exhibit B (this will be screenshots of the video of the emails).

36. Ms. Thompson is currently living in a location that is far from her friends, family and job. She is in shock this even happened to her.

37. Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs as remedies for Defendants' violations of her rights.

## LEGAL BACKGROUND

38. Hostile housing environment sexual harassment is actionable under the FHA provided that Plaintiff demonstrates that she would not have been harassed but for her sex. In other words, if Plaintiff can show that a man would not have experienced the same treatment or subjected to the same behavior, she has an actional claim.

39. "Hostile environment" harassment occurs when unwelcome conduct is sufficiently pervasive as to interfere with the availability, sale, rental or use or enjoyment of a dwelling; or the terms, conditions, or privileges of a sale or rental. This type of claim requires that a Defendant's

behavior be "sufficiently severe or pervasive" to alter the conditions of the victim's housing arrangement. To violate the law, a respondent's conduct must be such that reasonable person in the victim's situation would view it as not only offensive, but also as making "continued tenancy burdensome and significantly less desirable than if the harassment were not occurring."

## COUNT I
## VIOLATION OF THE FAIR HOUSING ACT - 42 U.S.C. § 3604(b)

40. Plaintiffs, HOPE and Ms. Thompson, reallege and incorporate herein the allegations contained in paragraphs 1-39.

41. HOPE's time and scarce resources have been severely diverted and its mission frustrated in order to address the allegations outlined in this complaint and has resulted in expenditures which should have been used to affirmatively further fair housing without the cost of litigation.

42. 42 U.S.C. § 3604(b) makes it illegal for a landlord "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provisions of services or facilities in connection therewith, because of race, color, religion, sex, handicap, familial status, or national origin.

43. HOPE has been, and continues to be, adversely affected by the discriminatory acts, policies, and practices of the Defendants.

44. Defendant, Mr. Roth's actions described above constitute sex discrimination relating to the rental of the Subject Property.

45. As a result of the acts and conduct of the defendants, HOPE has suffered and continues to suffer interference with its mission, diversion of its resources and obstruction of its purpose of ensuring equal housing opportunities throughout South Florida free from sex

harassment and sex discrimination. HOPE has been, and continues to be adversely affected by the acts, policies, and practices of the Defendants and/or their agents.

46. Defendant, Mr. Roth acted intentionally, willfully, and in disregard of the rights of the Plaintiff.

47. Defendants' discriminatory actions have (1) interfered with the efforts and programs of HOPE which are intended to bring about equality of opportunity for all persons regardless of sex; (2) forced HOPE to devote scarce resources to identify and counteract Defendants' unlawful housing practices and to otherwise divert those same resources from its education, counseling, and referral services; (3) interfered with the right of HOPE's constituents to enjoy the benefits of living in a community which does not discriminate against persons based on sex; and, (4) frustrated HOPE's mission and purpose of promoting the equal availability of housing to all persons without regard to race, color, religion, gender, national origin, familial status, sex or disability.

48. Defendant, Mr. Roth discriminated against Ms. Thompson in the terms and/or conditions and/or privileges of the rental of the Subject Property because of Plaintiffs sex (female).

49. Plaintiff is an "aggrieved person" within the meaning of 42 U.S.C. §§ 3602(i) and 3614(d)(l)(B) and has suffered harm and damages as a result of Defendant Roth's conduct.

WHEREFORE, Plaintiffs, HOPE and THOMPSON seeks all damages available, as against Defendant, BARRY ROTH, including:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorneys' fees and costs of litigation; and

    d. Enjoin Defendant, Roth and BROKERS, LLC., its agents, employees and successors, and all persons in active concert or practice with him from:

        i. Discriminating on account of sex against any person in any aspect of the rental of a dwelling;

**COUNT III**
**VIOLATION OF THE FAIR HOUSING ACT- 42 U.S.C. § 3604(c)**

50. Plaintiffs, HOPE and Ms. Thompson, reallege and incorporate herein the allegations contained in paragraphs 1-39.

51. 42 U.S.C. § 3604(c) makes it illegal for a landlord "[t]o makes, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or. an intention to make any such preference, limitation, or discrimination.

52. As discussed above, Defendant made, printed, or published, or caused to be made, printed, or published discriminatory statements regarding the Subject Property.

53. Defendant acted intentionally, willfully, and in disregard for the rights of Plaintiff.

54. Defendant, Mr. Roth discriminated against Plaintiff in the terms and/or conditions and/or privileges of the rental of the Subject Property because of Plaintiff's sex (female).

55. Ms. Thompson is an "aggrieved person" within the meaning of 42 U.S.C. §§ 3602(i) and 3614(d)(l)(B) and has suffered harm and damages as a result of Defendant Roth's conduct.

WHEREFORE, Plaintiffs, HOPE and THOMPSON seeks all damages available, as against Defendant, BARRY ROTH, including:

    a. Compensatory damages;

    b. Punitive damages;

  c. Reasonable attorneys' fees and costs of litigation; and

  d. Enjoin Defendant, Roth and BROKERS, LLC., its agents, employees and successors, and all persons in active concert or practice with it from:

    i. Discrimination on account of sex against any person in any aspect of the rental of a dwelling;

    ii. Making or publishing discriminatory statements regarding the rent of dwelling places.

## COUNT IV
## VIOLATION OF THE FLORIDA FAIR HOUSING ACT- §760.23(3), F.S.

45. Plaintiffs, HOPE and Ms. Thompson, reallege and incorporate herein the allegations contained in paragraphs 1-39.

46. It is unlawful to make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

47. At all times relevant, Ms. Thompson, being female, belonged to a class of persons whom Florida Fair Housing Act protects from unlawful discrimination.

48. Defendant did make, print, or publish, or cause to be made, printed, or published a discriminatory statement regarding the subject dwelling unit.

49. Ms. Thompson personally read or heard the sexually harassing statement, notice, or advertisement, while inquiring about the availability of the Subject Property.

50. The above referenced discussions were sent by Mr. Roth to Ms. Thompson and the above-stated statements were stated orally to Ms. Thompson by Defendant, Mr. Roth.

51. Defendant, Mr. Roth confirmed the intent or expressed preference or limitation based on Plaintiff, Ms. Thompson being in a protected class, as a female, based upon the statements made by Mr. Roth to Ms. Thompson.

52. Defendant, Mr. Roth's actions were pervasive, and intended to harass, intimidate, or coerce Ms. Thompson.

WHEREFORE, Plaintiffs, HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC., and FELICIA THOMPSON, seek all damages available, demand judgment against Defendants, BROKERS, LLC., and BARRY ROTH, to enjoin Defendants from discriminating against Plaintiffs and award appropriate injunctive relief, compensatory, punitive damages, and attorneys' fees and costs.

PLAINTIFFS DEMAND A TRIAL BY JURY FOR ALL ISSUES FOR WHICH A TRIAL BY JURY IS PERMITED.

Respectfully submitted this February 10, 2023.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Phone: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*